ABERDEEN LUMBER CO. ET AL. *v.* ACME BUILDING
SUPPLY CO.

[86 South. 758. No. 21392.]

1. SALES. *Title to article sold reinvests in seller when sale rescinded by purchaser.*

When a purchaser rejects the articles purchased after they have been delivered to and received by him, and, when sued for the price thereof by the seller, defeats a recovery by a plea setting forth his rejection of the articles and that he holds them subject to the order of the seller, the title thereto is reinvested in the seller, and the purchaser must deliver them to him when called for or pay him their value.

2. LIENS. *No equitable lien 'on building to secure material furnished therefor.*

When building material is sold to a building contractor and by him placed in a residence he is building for another, the seller has no equitable lien on such residence to secure the value of such building material.

APPEAL from chancery court of Monroe county.

HON. A. J. MCINTYRE, Chancellor.

Suit by the Acme Building Supply Company against the Aberdeen Lumber Company and another. From a decree overruling separate demurrers, defendants appeal. Affirmed in part, reversed in part, and remanded.

*McFarland & Holmes,* for appellants.

If appellees desired to take advantage of the alleged tender it should have done so in the circuit court case and had a judgment entered giving it these windows and doors but as they did not see fit to protect themselves by having such judgment entered, but in fact refused to accept the alleged tender, they are now estopped from claiming any benefits under this plea. If this were not true there would never be an end to a law suit, for if a party failed to gain his entire demand after having refused to accept a part of the demand (where that part had been tendered) he would continue to sue for partial claims indefinitely.

The same argument was made in the supreme court when the circuit court case appeal was heard as is made now by appellee, and counsel asked a reversal of that case, because their clients, Acme Building Supply Company would be cut off from any claim to the windows and doors if the case was affirmed by the supreme court; but the court very properly held that the whole controversy was settled by the verdict of the jury in the circuit court, and that whatever claim appellee might have had to the windows and doors was swallowed up and lost in the verdict of the jury against them, such claim going to off-set or re-

coup the Aberdeen Lumber Company for damages sufferer by reason of the failure of the Acme Building Supply Company to properly comply with its contract by furnishing doors and windows which were called for by the specifications in the contract. We respectfully submit that the decision of the circuit court case in our favor necessarily cuts appellee off from any claim to the windows and doors and that the demurrer should have been sustained on that ground.

*Paine & Paine,* for appellants.

We respectfully submit that Thos. F. Paine, one of the appellants is not a proper party in the present suit and that his demurrer should have been sustained. It is true the doors and glass were placed in his residence; but our court in the case of *Robinson* v. *De Long,* 118 Miss. 280, has held that an owner cannot be deprived of the possession of his property when material furnished in the erection of his house is not up to the specifications, on the theory that the use of said property will be an acceptance of the defective materials. Therefore Mr. Paine had the legal right to go into the possession of this property and did not have to wait until the Aberdeen Lumber Company or the appellee took out these defective doors and glass and replaced them with others according to the contractual obligation with the appellee to surrender or return these doors and glass; that is a matter we submit between the Aberdeen Lumber Company and the appellee. Mr. Paine has certainly not tendered the doors and glass to the appellee, no matter how the court may construe the plea of the Aberdeen Lumber Company in the circuit court case. The appellee can certainly not recover any decree for a money recovery against Mr. Paine in this present suit, nor can they be entitled to a decree requiring Mr. Paine to deface his residence and render it uninhabitable by removing these doors and window glass which are at-

tached to his freehold.  As said by Chief Justice SMITH in the *Robinson* v. *De Long, case, supra*:

"There is no merit in this contention, for the reason that appellant (the owner of the building) could not divest himself of the possession of the building without at the same time surrendering that portion of his land on which it was situated.  The building being situated on appellant's land became his property, and he was neither bound to remove it nor abstain from using it."

What kind of a decree then can the appellee get against Thos. F. Paine? We submit none.  Therefore the demurrer of Mr. Paine should have been sustained.  It cannot be, as contended by appellee, that the mere fact that Mr. Paine was a member of the firm of attorneys who represented the appellant, the Aberdeen Lumber Company in the circuit court is sufficient to maintain the present bill against him.

We submit in conclusion that the cause should be reversed and remanded as to both appellants and that as to the appellant Thos. F. Paine, that the case should be reversed and the bill dismissed.

*Leftwitch & Tubb*, for appellee.

In the cross action brought by the Aberdeen Company in the circuit court suit the defendant had two alternatives.  First to reject the goods and sue for damages; second to pay the contract price and recover the difference between the contract price and the value of the goods. *Hall Commission Co.* v. *Crook*, 87 Miss. 445.  The lumber company below chose the first alternative, offered to return the goods and recover full damages as the pleas and verdict show, for buying the goods contracted to be furnished and for replacing them in the building.  We submit that it is too late now for counsel to raise the question of insufficient description of the decree in the plea of tender.  The decree tendered back can be definitely determined in this proceeding.

The learned counsel in their briefs appear to overlook the real situation of the parties on the issue raised by the recoupment plea on which the cause was tried. The tender does not make the goods when the plea was filed the goods of the plaintiff in the circuit court action. The plaintiff refused to receive the goods back in its pleas and replied that the goods came fully up to the specifications and had been accepted. These allegations of the parties in the pleading raise questions for litigation and it was not determined until the end of the decision of that suit on the appeal in the spring of 1919 to whom the defective doors and windows belonged. The tender had to be made as a basis of affirmative relief and is well illustrated by the language of 26 R. C. L., page 645.

The bill alleges and of course the demurrer admits all matters well pleaded in the bill that when the doors and windows were demanded back by the complainant in this suit, that the Aberdeen Lumber Company by its sole owner, Charles Treas, still claimed that it was the duty of the Acme Building Supply Company to make good its original contract which has by action of law been fully and absolutely discharged. The judgment essentially found that the Acme Building Supply Company had breached the contract as to the quality of the seventeen doors and window glasses and damages were given to make the breach good and the seller was disallowed any payment for these articles. Of course the contract to furnish the doors and glasses instantly merged in the judgment recovered and became nonexistent. 3 Elliott on Contracts, 1985, 1984, 1982 and 1918 cases; *American Bronze Co.* v. *Gilletee,* 26 Am. St. Rep. 286.

The Aberdeen Lumber Company seems to have cherished the delusion that after it had sued the seller of the goods for breach of contract, recovered damages for its failure to carry it out, had offered the goods back and by judgment of the court after the title had been reinvested in the seller and after it had recovered damages and costs for thus dissolving the contract, it seems to cherish the

delusion that the seller of the goods could still be made to carry out their contract it had been influential in dissolving. As has been said by a learned text writer already quoted: "Title is revested in the seller by rescission and he cannot bring an action for the price."

Of course the defendant, the Aberdeen Lumber Company in the circuit court case tendered back the goods and sued for breach of the contract in their sale, and in the same case the plaintiff in that suit denied that he had broken the contract, the plaintiff was not required to abandon his denial of the breach and take the goods back. Plaintiff had the right to litigate the issues raised and seek possession later if that title should finally become his by rescission *invitum.* The buyer stands bound to restore the *status quo ante* and make his tender good, and as our courts have held he must act in good faith. 5 Elliott on Contracts, sec. 5114; Mississippi Cases, *supra.*

The action in the circuit court did not involve the matters here litigated and the parties are not the same. That was a money demand for the price of certain goods. The defendant did not deny the debt but sought its settlement by proving the damages in recoupment because of the defective quality of the goods, and offered to return them.

In a suit for the purchase money the cross-action for damages for the breach is an essential defense and *vice versa.* The defendant may suffer judgment for the price of the goods and bring action later for breach of the contract. 2 Black on Judgments, sec. 768.

The rule must be the same where the goods are tendered back in recoupment and the plaintiff replies that the goods are up to contract and loses. It cannot be true that he must accept the goods and take the judgment for return in that action or lose the goods after the suit and judgment restores title to him. The judgment of rescission makes the goods his and it is presumed that the party tendering them back will return the goods on proper demand. The circuit court action rescinded the sale and gave the seller thereafter right of action for possession

against the buyer or a third party. 35 Cyc. 607 (e), 112 (b).

This action is brought by the seller to repossess himself of the goods or to recover their value if converted. One, or both of the briefs asked what kind of decree could be rendered against Mr. Payne. It seems to us a decree will be simple. It will in the first place, fix the value of the goods which the Aberdeen Lumber Company offered to return; it will then require Mr. Paine to return the goods and glasses in specie or to restore them where they can be gotten possession of by appellee. It will either do what is suggested or grant alternative relief by fixing the value of the goods against the Aberdeen Lumber Company and require the Aberdeen Lumber Company to speedily pay for them, because of its conversion and use thereof; and on its failure so to do the decree will fix a lien against Mr. Paine's house for their value. The equities prevailing between Mr. Paine and the builder arising out of the contract will no doubt be carefully weighed and considered, and certainly no harsh remedy would be enforced against Mr. Paine. When he is required to turn over the glasses and doors, if the decree should so provide, it will no doubt require the Aberdeen Lumber Company at the same instant to supply other glasses and doors.

Mr. Paine is not brought into the case by reason of the fact that he was attorney for the Aberdeen Lumber Company in the circuit court litigation; the bill alleges nothing of that sort for that purpose. The averment to that effect in the bill is to show that Mr. Paine had full notice and as to the glasses and doors has no other or different rights than are possessed by the Aberdeen Lumber Company. The admitted fact that the glasses and doors are fixed to his residence and were affixed when the circuit court action was brought and have remained affixed to this day, makes Mr. Paine an essential party to this suit. The remedy at law is not as adequate and complete and multiplicity of suit is avoided.

We respectfully submit that both demurrers were properly overruled and the lower court's action should be affirmed.

Smith, C. J., delivered the opinion of the court.

This is an appeal, to settle the principles of the case, from a decree overruling the separate demurrers of each of the two defendants to an original bill, the appellee being the complainant therein, and the appellants the defendants, and they will be so hereinafter designated.

The bill alleges, in substance, that the Aberdeen Lumber Company contracted to and did build a residence for Paine, and that the complainant sold and delivered to it certain material, including a number of doors and windows to be used by it in building this residence; that the lumber company declined to pay the complainant a balance of four hundred and seventy dollars and seventy-one cents of the amount due for the material purchased by it, and that suit therefor was instituted against it by the complainant in the circuit court of Monroe county; that the lumber company's defense to this suit was made by means of a plea styled a plea of recoupment setting forth:

"That defendant is entitled to additional credits totaling fifty-seven dollars and one cent not shown on the account, and that the plaintiff failed to comply with its contract, but furnished the defendant with certain materials and lumber not according to the plans and specifications all as set out in the itemized account attached hereto, and that on account of the said breach of contract by the plaintiff the said defendant was greatly damaged, to wit, in the sum of four hundred and sixty-nine dollars and ninety-eight cents, as shown by the following items: That defendant agreed and contracted to furnish glass for the windows of the residence of the said Thomas F. Paine according to the specifications of the architect of the said Paine, but that the glass was not up to the specifications, and was refused by the architect, and that plaintiff was notified of this time and again, but declined and has declined to this date to comply with the said contract; that

defendant has been damaged the price of this glass and has been compelled to pay the said owner damages for the delay incident to replacing the windows according to the sepcifications; that plaintiff failed to furnish certain doors for said residence according to the plans and specifications, but furnished said doors made up out of unseasoned lumber or lumber that had been improperly seasoned; that this condition of the doors could not be ascertained by inspection, but only became apparent after the doors had been hung and the residence heated during the winter of 1916; that the doors shrunk and cracked so as to be utterly unfitted and worthless, and the said defendant has been damaged to the value of said doors and the refurnishing of new doors as set out in the itemized account attached hereto; that plaintiff was notified of this condition of the doors, but has refused and declined to remedy the same; that the said doors and windows have been refused by the architect and by the defendant and has never been accepted and are here in Aberdeen, Miss., subject to the order of said plaintiff, all of which the said defendant asks to be allowed to recoup against the said account of the plaintiff up to the amount of the plaintiff's claim and interest, and all of this the defendant is ready to verify.

"Itemized Statement of Items of Recoupment.

| | |
|---|---:|
| Purchase price of glass to comply with specifications in residence of Thos. F. Paine | $109 00 |
| Freight and drayage | 5 00 |
| Labor of having the glass replaced, etc | 50 00 |
| Damage paid Thos. F. Paine for delay in completion of contract on account of the failure of plaintiff to comply with its contract | 50 00 |
| To price and value of cost of replacing seventeen doors and finishing said doors as per specifications | 255 00 |
| Total | $469 98" |

The bill further alleges that the trial of the cause in the circuit court resulted in a judgment for the lumber

company, and that after the rendition thereof the complainant called on the lumber company for the doors and windows, but it declined to deliver them to it and disclaimed any liability therefor, that these doors and windows had been placed in Paine's residence prior to the institution by the complainant of the suit in the circuit court, and that they are now affixed thereto and constitute a part thereof, and that Paine was cognizant of all of the dealings between the complainant and the lumber company including the proceedings in the circuit court.

The prayer of the bill is that:

"The premises considered, complainant prays that due and proper process returnable to the December rules of this court be served on defendants, and that they be required to plead, answer, or demur to this bill; that on final hearing your complainant be granted a decree against the defendants, the Aberdeen Lumber Company and T. F. Paine, for a return of said doors and glasses, and requiring the said Aberdeen Lumber Company to procure from defendant Paine the possession of said materials and enable him to make good and execute his tender of the return of said glass and doors, or that in lieu thereof the value of said glasses and doors shall be fixed and determined by the court together with the value of their use by defendants and that decree be rendered for same against the respondents, with a lien for the enforcement of said decree as equity is peculiarly empowered to give with the right to resort to said dwelling for its satisfaction."

The lumber company's plea filed in the proceeding in the circuit court is not as specific as it should have been, and doubtless the circuit court would have ordered that it be made more specific had the complainant requested it so to do, but it is clear that the defense which the lumber company sought to and did make was that it had rejected the doors and windows, held them subject to the complainant's order, and claimed credit therefor. This defense it succeeded in maintaining, and when the court rendered judgment in its favor its rejection of the doors

and windows was thereby ratified, and they became thereupon the property of the complainant, so that the lumber company must now either redeliver them to the complainant, if the complainant so desires, or pay it therefor.

It may be that, because of the vagueness of the lumber company's plea in the circuit court proceeding, the complainant will have difficulty in identifying the doors and windows rejected by the lumber company and in establishing their value, but that question is not now before us, and will arise only when the evidence comes in.

The complainant does not claim to have a mechanic's or materialman's lien on Paine's residence, but seems to claim a lien thereon for the reason that Paine, with full knowledge that the doors and windows that had been rejected by the lumber company were being held by it subject to complainant's order, consented to their being appropriated by the lumber company and placed in his residence, and that they cannot now be removed therefrom without injury to the residence. Whatever merit there may be in such a contention as a legal proposition, it cannot avail complainant here, for its finds no support in the facts alleged. According to the allegations of the bill, the doors and windows were placed in Paine's residence by the lumber company after they had been sold to it by the complainant and before any controversy relative thereto had arisen between the lumber company and the complainant, and, whether they are satisfactory to Paine, or not, he has the right to permit them to remain there, and in the event he does so the complainant can look to the lumber company alone for reimbursement for their value.

The truth of the matter seems to be that the allegation in the plea filed for the lumber company in the circuit court that the doors and windows were held by it subject to the complainant's order was not true in fact, but that it had already used them in building Paine's residence.

The decree of the court below is correct in so far as it holds the lumber company liable, but erroneous as it affects Paine.

*Reversed and remanded.*